UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL CRUZ-BARRAGAN,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY CORRECTION CENTER, *et al.*,<br>Respondents. | No. 1:26-cv-06440-JLT-CDB (HC)<br>(A-Number: A-222-597-330)<br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT<br>(Docs. 1, 2)<br>**14-DAY OBJECTION PERIOD** |

Petitioner Manuel Cruz-Barragan ("Petitioner"), a federal immigration detainee proceeding pro se, initiated this action on August 13, 2026, with the filing of a petition for writ of habeas corpus under 28 U.S.C. § 2241 and a motion for immediate release or alternatively for a bond hearing while in the custody of Immigration and Customs Enforcement ("ICE") at the California City Detention Facility. (Docs. 1, 2). For the reasons set forth below, the undersigned recommends that the Court dismiss Petitioner's petition for writ of habeas corpus as moot.

## I. **Relevant Background**

Petitioner is a native and citizen of Mexico who entered the United States on December 28, 2014, as a B2 visa with permission to remain in the United States until June 27, 2015, and unlawfully remained in the country thereafter. (Doc. 7-3 at 2) (June 25, 2026, Form I-213 Record of Deportable/Inadmissible Alien). Petitioner was arrested and detained by immigration authorities

(ICE) following a traffic stop of Petitioner by local law enforcement on June 25, 2026. *Id.*

On August 13, 2026, Petitioner received a custody redetermination hearing and was released from immigration custody on bond. (Doc. 7 at 1); (Doc. 7-2 at 1) (August 24, 2026, Notice to EOIR regarding Petitioner's address).

The undersigned takes judicial notice from the EOIR case database that Petitioner's immigration case remains pending with no future hearings scheduled and that no appeal to the Board of Immigration Appeals ("BIA") was received.[1] The undersigned also takes judicial notice that ICE's online detainee locator tool returned no results for Petitioner using his identifying information, corroborating Respondents' representation that Petitioner no longer is in immigration detention.[2]

## II. Governing Authority

"To maintain an extant claim, a litigant must continue to have a personal stake in the outcome of the suit throughout 'all stages of federal judicial proceedings.'" *Abdala v. I.N.S.*, 488 F.3d 1061, 1063 (9th Cir. 2007) (quoting *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001)). "At any stage of the proceeding a case becomes moot when 'it no longer present[s] a case or controversy under Article III, § 2 of the Constitution.'" *Id.* (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).

"For a habeas petition to continue to present a live controversy after the petitioner's release or deportation … there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Id.* at 1064 (citation omitted); *see Spencer*, 523 U.S. at 7 ("Once the [petitioner's] sentence has expired, however, some concrete and continuing injury other than the

---

[1] *See* https://acis.eoir.justice.gov/en/caseInformation (last visited Oct. 8, 2026, using Petitioner's A-Number and nationality); *Daniels-Hall v. National Edu. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) ("It is appropriate to take judicial notice of this information, as it was made publicly available by government entities ... and neither party disputes the authenticity of the web sites or the accuracy of the information displayed [ ] therein."); *Argueta v. Walgreens Co*., 760 F. Supp. 3d 1028, 1034 (E.D. Cal. 2024) (taking judicial notice of information on federal government agency's website).

[2] *See* https://locator.ice.gov/odls/#/results (last visited Oct. 8, 2026, using Petitioner's A-Number and nationality); *Daniels-Hall*, 629 F.3d at 998-99; *Argueta*, 760 F. Supp. 3d at 1034.

now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained."). "Where the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody." *Id.*

**III. <u>Discussion</u>**

Here, Petitioner seeks by his petition immediate release from custody or, in the alternative, a bond hearing. (Doc. 1 at 3); (Doc. 2 at 2). Given the record evidence that Petitioner was released on bond on August 13, 2026, following a notice of custody redetermination hearing before an immigration judge, Petitioner has obtained the relief he sought, thus mooting his claims.

Because Petitioner is no longer in ICE custody, no case or controversy exists and the petition should be dismissed as moot. *See Munoz v. Rowland*, 104 F.3d 1096, 1098 (9th Cir. 1997) (release of a prisoner moots a habeas corpus case); *e.g.*, *Nadyrov v. Warden*, No. 1:25-cv-00754-JLT-EPG-HC, 2025 WL 3555166, at *1 (E.D. Cal. Dec. 11, 2025) (dismissing petition as moot after petitioner was removed), *recommendation adopted*, 2026 WL 147983 (E.D. Cal. Jan. 20, 2026); *Harutyunyan v. Warden*, No. 1:25-cv-00859-HBK (HC), 2025 WL 3467495, at *2 (E.D. Cal. Dec. 2, 2025) (dismissing petition as moot after petitioner was released from custody); *Colin v. Warden*, No. 1:23-cv-00127-JLT-CDB (HC), 2025 WL 2260049, at *2 (E.D. Cal. July 25, 2025) (same), *recommendation adopted*, 2025 WL 2373532 (E.D. Cal. Aug. 14, 2025).

**IV. <u>Conclusion, Order, and Recommendations</u>**

For the reasons stated above, IT IS RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (Doc. 1) and request for immediate release or, in the alternative, for a bond hearing (Doc. 2) be DISMISSED as MOOT; and
2. The Clerk of the Court be DIRECTED to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed 15 pages without leave

of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).

A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **October 9, 2026**

UNITED STATES MAGISTRATE JUDGE